UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER FULLER** | **CIVIL ACTION** |
| **versus** | **NO. 11-2173** |
| **BURL CAIN, WARDEN** | **SECTION: "A" (3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Christopher Fuller, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  On September 6, 2006, he was convicted of armed robbery under

Louisiana law.[1]  On September 15, 2006, he was sentenced to a term of ninety-nine years imprisonment without benefit of parole, probation, or suspension of sentence, as well as to an additional consecutive term of five years imprisonment pursuant to the enhancement provisions of La.Rev.Stat.Ann. § 14:64.3(A).[2]  On November 17, 2006, he was found to be a multiple offender and was resentenced as such to a term of one hundred ninety-eight years imprisonment without benefit of parole, probation, or suspension of sentence.  It was again ordered that the sentence be served consecutively to the five-year term imposed under § 14:64.3.[3]  On February 19, 2008, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's conviction and sentences.[4]  His related writ application was then denied by the Louisiana Supreme Court on October 10, 2008.[5]

On October 30, 2009, petitioner filed an application for post-conviction relief with the state district court.[6]  That application was denied on November 19, 2009.[7]  He was thereafter

---

[1] State Rec., Vol. III of VI, transcript of September 6, 2006, p. 177; State Rec., Vol. II of VI, minute entry dated September 6, 2009; State Rec., Vol. II of VI, jury verdict form.

[2] State Rec., Vol. III of VI, transcript of September 15, 2006; State Rec., Vol. II of VI, minute entry dated September 15, 2006.

[3] State Rec., Vol. III of VI, transcript of November 17, 2006; State Rec., Vol. II of VI, minute entry dated November 17, 2006; State Rec., Vol. II of VI, Reasons dated December 14, 2006.

[4] State v. Fuller, 980 So.2d 45 (La. App. 5th Cir. 2008) (No. 07-KA-319); State Rec., Vol. VI of VI.

[5] State v. Fuller, 993 So.2d 1282 (La. 2008) (No. 2008-KO-0705); State Rec., Vol. VI of VI.

[6] State Rec., Vol. I of VI.

[7] State Rec., Vol. VI of VI, Order dated November 19, 2009.

likewise denied post-conviction relief by the Louisiana Fifth Circuit Court of Appeal on February

5, 2010,[8] and by the Louisiana Supreme Court on February 25, 2011.[9]

On or after July 31, 2011, petitioner filed the instant federal application for *habeas*

*corpus* relief claiming that he received ineffective assistance of counsel and that there was

insufficient evidence to support his conviction.[10] The state argues that the application is untimely.[11]

The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally

requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his

underlying criminal judgment becomes "final."[12] On that point, the United States Fifth Circuit Court

of Appeals has explained:

> The statute of limitations for bringing a federal habeas
> petition challenging a state conviction begins to run on "the date on
> which the [state] judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review." 28
> U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief
> on direct appeal through his state's highest court, his conviction
> becomes final ninety days after the highest court's judgment is

---

[8] State *ex rel.* Fuller v. Cain, No. 10-KH-9 (La. App. 5th Cir. Feb. 5, 2010); State Rec., Vol. VI
of VI.

[9] State *ex rel.* Fuller v. State, 57 So.3d 1024 (La. 2011) (No. 2010-KH-0421); State Rec., Vol.
VI of VI.

[10] Rec. Doc. 1.

[11] Rec. Doc. 9.

[12] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger
the commencement of the statute of limitations, those alternative provisions are not applicable in
the instant case.

> entered, upon the expiration of time for filing an application for writ
> of certiorari with the United States Supreme Court.  Roberts v.
> Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, the Louisiana Supreme Court denied petitioner's writ application on direct review on October 10, 2008.  Therefore, his state criminal judgment became final for the purposes of the AEDPA, and his federal limitations period therefore commenced, on January 8, 2009.  The federal limitations period then expired one year later, unless that deadline was extended through tolling.

The Court first considers statutory tolling.  The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court.  28 U.S.C. § 2244(d)(2).

After two hundred ninety-four (294) days elapsed, petitioner tolled the federal limitations period by filing a post-conviction application with the state district court on October 30, 2009.[13]  Tolling then continued uninterrupted for the duration of the post-conviction proceedings, so long as he sought supervisory review in a timely manner.  Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004).  The record reflects, and the state does not dispute,

---

[13]   State Rec., Vol. I of VI.  The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  That date cannot be gleaned from the state court record with respect to this post-conviction application.  However, petitioner signed the application on October 30, 2009.  Because that is the earliest date it could have been placed in the prison mail system, this Court, out of an abundance of caution, will consider that to be the filing date for the purposes of this decision.

that petitioner's related writ applications were timely filed with the state's appellate courts. Therefore, tolling continued until the Louisiana Supreme Court denied relief on February 25, 2011.[14]

When the limitations period resumed running at that point, petitioner had only seventy-one (71) days remaining. Therefore, he had only until May 9, 2011,[15] to either again toll the limitations period or file his federal application.

Petitioner had no other properly-filed applications for state post-conviction relief or other collateral review pending at any time on or before May 9, 2011. Therefore, he clearly is not entitled to further statutory tolling.

That, however, does not end the Court's inquiry, because the AEDPA's limitations period is also subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). That said, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to

---

[14]   A petitioner receives no additional tolling credit for the period during which he could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 332 (2007); Ott v. Johnson, 192 F.3d 510, 512-13 (5th Cir. 1999).

[15]   Because the seventy-first day fell on a Saturday, the federal limitations period was extended through the following Monday, May 9, 2011. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case,

petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this

Court knows of no reason that would support equitable tolling of the statute of limitations.

Because petitioner is entitled to neither further statutory tolling nor equitable tolling,

his federal application for *habeas corpus* relief had to be filed on or before May 9, 2011, in order

to be timely. Because his federal application was not filed until on or after July 31, 2011,[16] it is

untimely.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus*

relief filed by Christopher Fuller be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and

recommendation in a magistrate judge's report and recommendation within fourteen (14) days after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from

---

[16]    A prisoner's habeas application is considered 'filed' when delivered to the prison authorities
for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).
Petitioner signed his original application on July 31, 2011. Rec. Doc. 1, p. 16. Therefore, that is
the earliest date it could have been given to prison officials for mailing. Because that original
application failed to comply with this Court's rules, petitioner also resubmitted a corrected
application on or about August 17, 2011. Rec. Doc. 1, p. 15.

a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415,

1430 (5th Cir. 1996) (en banc).[17]

New Orleans, Louisiana, this fourth day of November, 2011.


_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[17] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.